```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO. 14-21368-Civ-MORENO
                          MAGISTRATE JUDGE P.A. WHITE

MAXIMO RAMOS ARANGO,           :

     Plaintiff,                :
                                        REPORT
v.                             :        OF MAGISTRATE JUDGE

SERGEANT M. RUCKER; et al.     :

     Defendants.               :
_____
```

## I. Introduction and Background

Maximo Ramos Arango, a state pretrial detainee, filed this pro se civil rights complaint pursuant to 42 U.S.C. §1983 while confined at the Broward County Main Jail. (DE# 1). The plaintiff has been permitted to proceed without prepayment of the filing fee, but a debt to the Clerk of Court has been established in the amount of $350.00. (DE# 6).

Arango's claims arise from alleged assaults which occurred while confined as a state prisoner at Everglades Correctional Institution. See Complaint. (DE# 1). Arango alleged in his initial complaint that he was physically assaulted by Sergeant Rucker and Corrections Officer Cooper, because he had reported their illegal activities to Colonel Price. Id. One of the incidents allegedly took place on "12-20-00," while he was restrained in handcuffs and in the presence of medical staff. He also alleged that he had been attacked by fellow inmate Washington, because he did not want to engage in homosexual activities with that inmate. Id. In the caption of his complaint, Arango named the following as defendants: Sergeant Rucker, Officer Johnson, Officer Cooper, Inmate Jessie Washington and the City of Everglades. Id.  He sued the named defendants in their individual and official capacities and sought

one million dollars from each of them, which was to be split between various singers, such as, Miley Cyrus, his father and the Republican Party. Id.

The Plaintiff is subject to the provisions of §§1915 and 1915A, which direct a court, upon the filing of a civil action by a prisoner, to review the complaint to ensure that it raises cognizable claims and is not frivolous. An initial screening of the Complaint was, therefore, conducted to determine whether the plaintiff had set forth sufficient facts to support his claims and entitle him to relief. Because Plaintiff is proceeding pro se, the Court held the allegations of the civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972).

Review of the Complaint revealed that the pro se plaintiff had not complied with Fed.R.Civ.P. 8(a), 10(b). Specifically, the plaintiff did not separate all claims based upon differing sets of circumstances in numbered paragraphs, he failed to provide the date(s) and correctional facility where the alleged attacks took place, and he did not clearly and specifically provide adequate information regarding what each Defendant did. The portion of the Complaint which requested Party Information, such as the name of the defendant, the official position of the defendant and his or her place of employment, had not been completed whatever. See Complaint at 1. Moreover, while Everglades City was named as a defendant in the caption of the case, there were no allegations against Everglades City in the body of the Complaint. Id. at 1, 2.

By order entered on April 28, 2014 (DE# 5), the plaintiff was permitted to file an amended complaint to properly and clearly set out any and all constitutional claims he may have against properly identified defendants. See Order Requiring Amended Complaint. (DE#

2

5). The plaintiff was specifically ordered that his Amended Complaint must identify by name each defendant and contain a separately-numbered claim as to each defendant, stating in what facility the attack(s) took place, explaining when the incident as to each defendant occurred and what that defendant did and the supporting facts to show why that person was being sued. Id. at ¶3. Plaintiff was further advised that the Amended Complaint must include all allegations against every defendant and must state all relief which is sought; it could not just add to the original complaint or incorporate previous filings by reference. Id. The Plaintiff was expressly cautioned that his failure to comply with the Order or file a frivolous lawsuit might result in the imposition of sanctions, including the dismissal of the case. Id. at 5.

Arango filed on May 7, 2014, a pleading entitled, "Amended Complaint" (DE# 7). He did not use the appropriate form complaint provided to him by this Court along with his copy of the Order, requiring an Amended Complaint.[1] Id. In the pleading, he alleges that he was assaulted by Mr. Rucker on "*12-20-2000*," at the Everglades Correctional Institution, F. Dorm while other corrections officers, such as Mrs. Cooper, watched. Id. at 1. Arango alleges that after the attack, Officer Rucker tossed into his cell a roll of toilet paper which had been ignited, resulting in his transfer to the Dade County Jail on false charges. Id. at 1-2. Arango states that he does not have the dates of the other incidents and assaults committed by the officers and fellow inmates which took place at Everglades CI, because his property remained at

---

[1] It is noted that on May 14, 2014, Arango did use the appropriate civil rights complaint form and that complaint was filed in this case and docketed by the Clerk as an Amended Complaint. See DE# 8. From review of the pleading, it is apparent that Arango did not intend that pleading to be filed in this case but to constitute a separate civil rights action pursuant to §1983. Accordingly, the Clerk has been direct to file that Complaint as a separate civil rights action which will be separately screened.

3

Everglades CI when he was transported to the county jail on "*12-20-2000*." Id. at 2.

## II. Analysis

### A. Applicable Law for Screening

This purported Amended Complaint is now subject to screening pursuant to 28 U.S.C. §1915. The court is required to dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (*quoting* Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. at 1349.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...".

4

Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (*quoting* Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as the applicable statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 921-922, 166 L.Ed.2d 798 (2007).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(per curiam)(citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010)(per curiam)(citations omitted).

### B. Facts of the Complaint

In pertinent part, the plaintiff alleges in this civil rights action that he was physically attacked by prison officials and other inmates while confined as a state prisoner at Everglades CI. Plaintiff provides "*12-20-2000*" as the date for one of the attacks and states that he cannot provide dates for the other incidents because he was transferred to the Miami-Dade County Jail on that

date. It is apparent that any other attacks or incidents took place before December 20, 2000.

### C. Sufficiency of the Complaint

There is no specific statute of limitations period for actions brought under §1983. Owens v. Okure, 488 U.S. 235, 239, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989). Instead, the statute of limitations period for §1983 claims is determined by the state's statute of limitations for personal injury claims. Id. at 240-41, 109 S.Ct. 573. "Florida's four-year statute of limitations [period] applies to" §1983 claims. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Plaintiff's §1983 claims arose on "*12-20-2000*" and before. He delivered his law suit to jail officials for filing on April 13, 2014, more than thirteen years later. See Complaint at 4. (DE# 1). His claims are clearly time-barred. See Allen v. King, 279 Fed.Appx. 847 (11th Cir. 2008)(unpublished).

In conclusion, Plaintiff's allegations fail to state a viable §1983 claim against any of the named defendants, warranting dismissal of the complaint. Although district courts must liberally construe *pro se* pleadings, as indicated above, the courts are not required to rewrite complaints to create a viable cause of action where one does not otherwise exist. GJR Invs. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)("[I]n the case of pro se litigants [the] leniency [afforded] does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[.]"). Consequently, the case should now be closed since it is apparent from review of the Complaint that dismissal with further leave to amend is not appropriate. Here, further amendment would be futile in that any subsequent complaint would still be properly dismissed. See Spaulding v. Poitier, 548 Fed.Appx. 587, 593-94 (11th Cir. 2013)(unpublished)(holding that magistrate judge did not abuse his

discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(*citing*, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

### III. Recommendations

Based upon the foregoing, it is recommended that this case be DISMISSED with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted because the Amended Complaint was not filed within the four-year statute of limitations. It is further recommended that this case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 21st day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Maximo Ramos Arango, Pro Se
     Inmate# 501402066
     Broward County Jail-MJ
     Main Jail
     Post Office Box 9356
     Ft. Lauderdale, FL 33310

7